# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| TIMOTHY W. MANSIR, of Oxford, County of Oxford, State of Maine, | ) ) ) ) ) ) ) |
| Plaintiff | ) |
| v. | ) ) |
| THE UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) |
| Defendant | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff Timothy W. Mansir, by and through undersigned counsel, and complains against the Defendant United States of America as follows:

## NATURE OF THE CASE

Plaintiff's claim against Defendant arises from negligent medical care rendered to Plaintiff Timothy Mansir, a Marine Corps veteran, by Dr. Thomas Franchini, then a podiatrist employed by the federal government at the Togus Veterans Affairs Medical Center in Augusta, Maine.

## PARTIES

1.     Plaintiff, Timothy W. Mansir, is an individual who resides in the Town of Oxford, County of Oxford, and State of Maine.

2.     The Defendant is The United States of America.  At all relevant times, the United States acted through its agency, the Department of Veterans Affairs, and its subdivision, the Veterans Health Administration.

3.     At all relevant and material times herein mentioned, the Defendant employed a podiatrist, Dr. Thomas Franchini, to provide medical care to veterans at Togus VA Hospital, and at all relevant and material times, Dr. Franchini was acting within the course and scope of his employment with the Defendant.

4.     At all relevant and material times herein mentioned, the Defendant and its associates and partners were the agents, servants, employees, permissive users, successors in interest and/or joint ventures of each other, and were acting within the time, purpose, course, and scope of such agency or permission; and all acts or omissions alleged herein of the employees and agents of the Defendant were authorized, adopted, approved or ratified by the Defendant.


## JURISDICTION AND VENUE

5.     This Court has jurisdiction based on Article III, Section 2 of the United States Constitution and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*

6.     Plaintiff's damages exceed the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional amount.

7.     Venue is properly laid before this Court pursuant to 28 U.S.C. §§ 1391(b) and 1402(b), in that this is the District in which the acts or omissions complained of occurred and in which the Plaintiff resides.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

8.      This case is brought against the United States of America pursuant to 28 U.S.C. §§ 2671 *et seq*., the Federal Tort Claims Act.  Liability of the United States is predicated specifically on 28 U.S.C. § 1346(b)(1) and §2674 because the personal injuries and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agency, the United States Department of Veterans Affairs and its subdivision, the Veterans Health Administration.  These employees were acting within the course and scope of their office or employment, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Maine.

9.      The Defendant informed the Plaintiff of the potential negligence via correspondence sent by its agency, the Department of Veterans Affairs, to the Plaintiff on January 10, 2013 (Letter attached as Exhibit A).

10.      The Defendant admitted its negligence and authorized the filing of this lawsuit via an April 28, 2013 Institutional Disclosure of Adverse Event produced by its agency and given to the Plaintiff to inform him that he received substandard medical care, detailing the specific ways in which the care was deficient and informing him that he could pursue either a tort claim or an administrative action (April 28, 2013 Disclosure attached as Exhibit B).

11.      Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

12.     This suit has been timely filed in that the Plaintiff served notice of his claim on the U.S. Department of Veterans Affairs and U.S. Department of Justice on January 31, 2014. (Notice of Claim with attachments attached hereto as Exhibit C).

13.     On July 22, 2014, the Department of Veterans Affairs, through its Office of Regional Counsel in Providence, Rhode Island, denied the claim.

## FACTUAL BACKGROUND

14.     Plaintiff Timothy Mansir was an active member of the United States Marine Corps from December 29, 2002 until December 30, 2007.

15.     In October 2007, while on duty overseas in Iraq, Plaintiff Timothy Mansir injured his foot.

16.     When he returned to the United States, he sought care for this injury at Togus VA Medical Center in Augusta, Maine.

17.     When the Plaintiff first treated at Togus for his injury, the physicians suspected he had torn ligaments in his right ankle.

18.     Plaintiff was referred to Dr. Franchini, whom he first saw on March 17, 2008.

19.     At that time, Dr. Thomas Franchini was employed by the Defendant United States of America at Togus to provide medical care and treatment of veterans' podiatry conditions and, as such, was an employee of the federal government pursuant to 28 U.S.C. § 2671(1).

20.     Dr. Franchini was acting in the course and scope of his employment with the United States throughout his medical care and treatment of the Plaintiff.

21.     At the March 17, 2008 appointment, Dr. Franchini diagnosed Plaintiff with an "unstable" right ankle.

22.     An x-ray on April 2, 2008 showed "minor abnormality" of the Plaintiff's ankle.

23.     At the recommendation of Dr. Franchini, the Plaintiff underwent a right Elmslie ankle reconstruction on April 18, 2008 at the Togus VA Hospital in Augusta.

24.     The Plaintiff continued to experience ankle pain after the April 2008 surgery and continued to treat at Togus and be seen by Dr. Franchini.

25.     Dr. Franchini diagnosed the Plaintiff with a sural nerve entrapment.

26.     On May 7, 2009, Dr. Franchini performed a sural nerve release surgery at the Togus VA Hospital.

27.     When the second surgery did not alleviate his symptoms, the Plaintiff sought treatment from a civilian provider, Dr. Barry White of Foot and Ankle Associates in Portland, Maine in 2010.

28.     After examination and evaluation of the Plaintiff, Dr. White recommended a sural neurectomy and peroneal tendon repair and tenodesis.

29.     Dr. White performed those procedures at St. Mary's Regional Medical Center in Lewiston, Maine on July 23, 2010.

30.     The Plaintiff experienced only slight improvement in his foot and ankle pain after Dr. White's procedure.

31.     Today, the Plaintiff continues to suffer pain in his right ankle and foot, and his functional deficits have begun to affect other parts of his body.

32.     On January 10, 2013, the Defendant, through its agency the Department of Veterans Affairs, informed the Plaintiff that he may have received substandard medical care from the former Togus podiatrist. (See Exhibit A.)

33.     The Plaintiff was offered an examination at Togus, which occurred on February 20, 2013.

34.     As a result of this examination, government doctors identified several ways in which Dr. Franchini provided medical care that did not meet the standard of care.

35.     Dr. Timothy Richardson of the VA, an agent of the Defendant acting within the course and scope of his employment, opined that Dr. Franchini's treatment of the Plaintiff was overly aggressive and that he should have selected a different procedure for the Plaintiff than the initial Elmslie ankle reconstruction.

36.     Dr. Richardson admitted that the Plaintiff "suffered significant complication and is far worse off post surgery than pre surgery.  Because an overly aggressive procedure was performed at the virgin surgical encounter, return to normal anatomic function is not now possible."

37.     Dr. Richardson further explained that a Brostrom-Gould procedure would have been a better treatment modality and likely would have reduced the Plaintiff's risk for tendonosis and sural nerve injury.

38.     The imaging studies done prior to the April 2008 surgery revealed only mild problems rather than severe instability warranting a "tendon destructive procedure with major bone work."

39.     On April 18, 2013, the Department produced a Disclosure of Adverse Event notice from the Togus VA, which advised the Plaintiff of his right to sue based on medical care he received from Dr. Franchini. (See Exhibit B.)

40.     To this day, as a result of the negligence of Dr. Franchini, the Plaintiff continues to have numbness in pain in his right foot and ankle, which is more likely than not a permanent injury, and continues to treat for his injuries.

41.     The Plaintiff continues to have pain with weight bearing, limited range of motion in the ankle, and inversion instability.

42.     As a result of these injuries, Plaintiff has received extensive medical treatment, has been permanently injured and impaired, and will continue to require medical treatment in the future.

43.     As a result of these injuries, Plaintiff has incurred lost wages, diminished earning capacity, loss of enjoyment of life, and pain and suffering and will continue to do so.

## COUNT I - NEGLIGENCE

44.     Plaintiff Timothy Mansir repeats and realleges each of the allegations set forth in paragraphs 1 through 43 of this Complaint as though the allegations were fully set forth at length herein.

45.     At all times material hereto, Dr. Thomas Franchini was acting within the course and scope of his employment by the Defendant United States as a physician at Togus VA Hospital.

46.     The United States, through its agency, the Department of Veterans Affairs and subdivision the Veterans Health Administration, and its agent, Dr. Thomas Franchini, had a duty to exercise reasonable care when rendering medical care and treatment to Timothy Mansir.

47.     The United States, through its agency, the Department of Veterans Affairs and subdivision the Veterans Health Administration, and its agent, Dr. Thomas Franchini, breached its duty to provide reasonable medical care to the Plaintiff, a United States Marine Corps veteran.

48.     As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the Defendant, United States of America, Mr. Mansir has suffered and continues to suffer economic losses, including but not limited to past medical bills and expenses for medical care and treatment, present and future medical bills and expenses for medical care and treatment, loss of income and loss of earning capacity in an amount according to proof at trial.

49.     As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the Defendant, United States of America, Mr. Mansir has suffered and continues to suffer non-economic losses, including but not limited to physical pain, limitation and permanent impairment, emotional distress and anxiety and depression due to his injury and incapacity.

**WHEREFORE**, Plaintiff, Timothy W. Mansir, requests this Honorable Court to enter judgment in his favor and against Defendant and to award him damages in an amount which will fairly compensate him for his injuries, past medical bills and expenses for medical care and treatment, present and future medical bills and expenses for medical care and treatment, loss of income and loss of earning capacity, physical pain and suffering, physical limitations, permanent impairment, and emotional distress, along with pre-and post-judgment interest as allowed by law, costs of suit and all such further relief as this Court deems just and proper.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

50.     Plaintiff Timothy Mansir repeats and realleges each of the allegations set forth in paragraphs 1 through 49 of this Complaint as though the allegations were fully set forth at length herein.

51.     The doctor/patient relationship that existed between Dr. Franchini and Mr. Mansir at all times relevant hereto is a special relationship under Maine law.

52.     This special relationship imposes a duty of reasonable care on the part of the physician, Dr. Franchini, to avoid emotional harm to the patient, Mr. Mansir.

53.     As set forth above, Dr. Franchini failed to exercise his duty of care to his patient, Timothy Mansir.

54.     Emotional distress to Timothy Mansir was a foreseeable result of Dr. Franchini's negligent conduct.

55.     Dr. Franchini knew or should have known that his course of treatment of the Plaintiff would likely cause him pain and suffering and emotional harm.

56.     As a direct and proximate result of Dr. Franchini's negligence, Timothy Mansir did suffer and continues to suffer serious emotional distress.

**WHEREFORE**, Plaintiff Timothy W. Mansir prays that this honorable Court enter judgment in his favor and against Defendant and to award him fair and just compensation for the injuries suffered on account of its negligence, including, but not limited to, damages for emotional distress and conscious pain and suffering; and all such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated at Saco, Maine, this 25th day of November, 2014.

                                      _/s/_ Celine M. Boyle, Esq., Me. Bar No. 9319
                                      _/s/_ Courtney M. Hart, Esq., Me. Bar No. 4127
                                      *Attorneys for the Plaintiff Timothy Mansir*

                                      SHAHEEN &amp; GORDON, P.A.
                                      199 MAIN STREET
                                      P.O. BOX 1179
                                      SACO, MAINE 04072
                                      207-282-1527

## CERTIFICATE OF SERVICE

I, Celine M. Boyle, Esq., hereby certify that a true copy of this Complaint was filed via ECF and served on the following by certified mail, return receipt requested:

Michael Potter, Regional Counsel                    Thomas Delahanty, II
Department of Veterans' Affairs                      U.S. Attorney, District of Maine
Office of Regional Counsel                           United States Attorney's Office
380 Westminster Street                               100 Middle St., East Tower, 6th Fl.
Providence, RI 02903                                 Portland, ME 04101

Attorney General of the United States
Department of Justice
Room 5111
10th & Constitution Ave., NW
Washington, D.C. 20530


Date: _____   _/s/_ Celine M. Boyle, Esq., Me. Bar No. 9319
                                 _/s/_ Courtney M. Hart, Esq., Me. Bar No. 4127